IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFERY D. BLACK,                       Civ. No. 2:12-cv-00972-AA

      Plaintiff,                    OPINION AND ORDER

  v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

      Defendant.
_____

BRUCE W. BREWER
419 5th St.
Oregon City, OR 97045
    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
District of Oregon
ADRIAN L. BROWN
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97201-2902

GERALD J. HILL
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Ave, Suite 2900 M/S 221A
Seattle, WA 98104-7075
    Attorneys for Defendant

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action seeking judicial review of a final decision of the Commissioner denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act (the Act). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner's decision is affirmed.

BACKGROUND

On April 1, 2009, Plaintiff protectively filed a Title II application for disability and disability insurance benefits. Tr. 76-79. After Plaintiff's application was denied, Plaintiff and a vocational expert (VE) appeared and testified before an Administrative Law Judge (ALJ) on November 23, 2010. Tr. 34-75. On December 6, 2010, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 15-33. On March 30, 2012, the Appeals Council denied review, rendering the ALJ's decision the final agency decision. Tr. 1-3. Plaintiff now seeks judicial review of that decision.

Plaintiff was forty-two years old on the date last insured (December 31, 2008), with a high school education and past work in construction and remodeling. Tr. 27. Plaintiff alleges a period of disability resulting from a skateboarding accident which occurred on May 28, 2007. Tr. 21. The accident resulted in a traumatic brain injury, leaving Plaintiff in a coma for almost two months and necessitating excavation surgery of the skull. Tr. 21. Following

2 - OPINION AND ORDER

the accident, Plaintiff suffered from cognitive problems, fatigue, hearing loss in one ear, and double vision. Tr. 21.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it contains no errors of law and is supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). In considering whether the Commissioner's findings are supported by substantial evidence in the record, the court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). While questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999), any negative credibility findings must be supported by findings on the record and supported by substantial evidence. Cequerra v. Sec'y of Health & Human Servs., 933 F.2d 735, 738 (9th Cir. 1991).

COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated Plaintiff's allegation of disability pursuant to the relevant five-step sequential process. Tr. 19; See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff did not engage in "substantial gainful activity" during the period of time beginning May 28, 2007 and ending June 10, 2010. Tr. 20; 20 C.F.R. § 404.1520(b).

At step two, the ALJ found that Plaintiff suffered from severe impairments including traumatic brain injury with residual cognitive problems, fatigue, and hearing loss in one ear, as well as from non-severe double vision. Tr. 21; 20 C.F.R. § 404.1520(c). These impairments were found not to meet or medically equal one of several listed impairments that qualify an applicant for disability without consideration of age, education, and work experience. Tr. 22; 20 C.F.R. § 404.1520(d).

4 - OPINION AND ORDER

At step four, the ALJ determined that Plaintiff's residual functional capacity (RFC) enabled Plaintiff to perform less than the full range of light work as defined in 20 C.F.R. § 404.1567(b). Tr. 23; 20 C.F.R. §§ 404.1520(e), 404.1545. The ALJ found that Plaintiff can lift and carry 10 pounds frequently and 20 pounds occasionally, can sit, stand, and walk for up to 6-hours each in an 8-hour workday with normal breaks, and can do simple, routine tasks when shown how to do them. Tr. 23. The ALJ also found that Plaintiff should not work at unprotected heights, climb ladders, or work around machinery with exposed moving parts, and would require a job that could be done by an individual who hears only out of one ear. Tr. 23. The ALJ therefore found that Plaintiff was unable to perform any past relevant work. Tr. 27; 20 C.F.R. §§ 404.1520(f), 404.1565.

At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing other jobs existing in significant numbers in the national economy, including assembly production and packing line work. Tr. 28; 20 C.F.R. §§ 404.1520(g), 404.1566. Therefore, the ALJ found Plaintiff not disabled under the meaning of the Act. Tr. 28.

## DISCUSSION

Plaintiff asserts that the ALJ improperly rejected the opinions of three medical providers, as well as Plaintiff's own

5 - OPINION AND ORDER

statements concerning his limitations. Plaintiff also asserts that the Appeals Council erred by failing to consider or credit a statement from Plaintiff's examining physician.

A. The ALJ's Rejection of Medical Source Statements

Plaintiff claims that the ALJ erred in rejecting the opinions of three doctors: a treating physician and two examining physicians. This court finds no error.

First, the ALJ did not err in rejecting the medical opinions of Dr. David Farley, Plaintiff's treating physician. Dr. Farley examined Plaintiff on six occasions: 8/20/07, 11/7/07, 1/24/08, 8/25/09, 11/19/09 and 9/10/10.[1]

An ALJ generally affords the opinions of treating physicians more weight than other opinion evidence. 20 U.S.C. § 404.1527(c)(2). However, the ALJ is not obliged to credit opinions of treating physicians. Id. A treating physician's medical opinion may be disregarded for specific, legitimate reasons supported by the record. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008). If an ALJ rejects an uncontroverted medical opinion, the ALJ's evidentiary support must rise to the level of

---

[1] The ALJ's opinion mistakenly refers to Dr. Farley as treating Plaintiff in August of 2008. Tr. 21. This is a typographical error, as the ALJ correctly referenced Plaintiff's August 2007 date of treatment. Tr. 21, 516-22. Plaintiff's brief appears to assume that the ALJ's reference to August 2008 was not in error, and therefore attributes the symptoms noted in 2007 to Plaintiff in 2008. Pl.'s Br. 7. However, Plaintiff's brief also notes the six dates that Dr. Farley treated Plaintiff: none of those dates fall within August of 2008. Pl.'s Br. 6.

6 - OPINION AND ORDER

clear and convincing. Id.

Here, the ALJ did not reject Dr. Farley's reports from August 2007 through January 2008. Rather, the ALJ determined that Plaintiff made significant steps towards recovery after his January 2008 appointment. In his chart notes for Plaintiff's January 24 visit, Dr. Farley noted that "[Plaintiff] wonders about his ability to get back driving and, until his vision improves, that is obviously not even anything that is on the table." Tr. 519. However, by April of 2008, the ALJ noted that Plaintiff was able to drive, was working with a vocational rehabilitation counselor, and had also started some construction projects building decks to earn money.[2] Tr. 21, 22, 586.

The ALJ did, however, reject Dr. Farley's later opinions. On November 19, 2009, Dr. Farley opined that "[c]learly [Plaintiff] is not able to hold down a job." Tr. 650. The ALJ rejected this opinion for numerous specific and legitimate reasons, including the fact that this opinion is inconsistent with Dr. Farley's earlier opinions. For example, on August 25, 2009, Dr. Farley noted that Plaintiff "has improved a lot and functionally he is doing remarkably well." Tr. 26, 647.

Plaintiff argues that this comment should be considered

---

[2] During the administrative hearing, Plaintiff claimed that he did this work for free, while reports from the vocational counselors indicate that this work was compensated. Tr. 22, 43.

7 - OPINION AND ORDER

against the backdrop that, shortly after his accident, Plaintiff could not even take care of his own basic bodily functions. However, the ALJ reasonably interpreted Dr. Farley's comment to mean that Plaintiff's progress was remarkable and he was functioning well; the ALJ did not stray beyond her authority in determining that Dr. Farley's opinions were inconsistent.

Further, as the ALJ noted, Dr. Farley gave his disability opinion only after Plaintiff brought up the topic of social security income, during a period of time in which Plaintiff was seeking to generate medical records for his disability applications. Tr. 26. Much of Dr. Farley's opinion is based on Plaintiff's subjective claims about his symptoms and limitations, which the ALJ found not credible. Tr. 26. Diagnoses based on unreliable self reporting can properly be accorded less weight. Andrews v. Shalala, 53 F.3d 1035, 1042-43 (9th Cir. 1995). Additionally, Dr. Farley's assessment is inconsistent with the assessments of other professionals. Most notably, Dr. Farley's assessment that Plaintiff's ability to interact appropriately with the public was "markedly limited" contrasts starkly with a vocational rehabilitation counselor's assessment of Plaintiff as having great people skills. Tr. 26, 556, 673.

Further, in September of 2010, Dr. Farley indicated that Plaintiff's condition was improving, noting that "it is appropriate for [Plaintiff] to return to work on a trial basis." Tr. 652.

8 - OPINION AND ORDER

However, on November 22, 2010, Dr. Farley rendered a residual functional capacity assessment that found Plaintiff incapable of doing even sedentary work. Tr. 672-675.

As the ALJ notes, this opinion was produced during a period of time in which Plaintiff was engaging full-time in medium exertion work, albeit with accommodations. Tr. 26, 42, 68. The ALJ found that Plaintiff's ability to perform such work conflicts with Dr. Farley's assessment. Tr. 26. For these reasons, the ALJ's findings are sufficient to validly reject Dr. Farley's testimony.

Next, Plaintiff claims that the ALJ erred in rejecting the opinion of examining psychologist Dr. Alana Raber, who examined Plaintiff on January 7, 2008. However, the ALJ did not, in fact, reject this opinion. Dr. Raber recommended that Plaintiff undergo treatment at the Brain Injury Rehabilitation Center, which Plaintiff proceeded to undergo. Tr. 540. As the ALJ's opinion notes, Plaintiff made substantial strides towards recovery after this time. Tr. 21.

Further, the limitations Dr. Raber found were taken into account when the ALJ determined Plaintiff's RFC. Tr. 23. For example, Dr. Raber found that Plaintiff presented "mildly impaired memory skills, mildly reduced complex attention skills . . . and reduced cognitive and physical endurance." Tr. 541. These limitations are respected by the ALJ's determination that Plaintiff can do less than the full range of light work, and only simple

9 - OPINION AND ORDER

routine tasks. Tr. 23.

Plaintiff also argues that the ALJ erroneously rejected some of Dr. Laurence Binder's opinion. Dr. Binder determined Plaintiff to have a global assessment of functioning score of 45, and indicated that Plaintiff might experience severe social difficulties. Tr. 26. Dr. Binder also indicated that Plaintiff would need job coaching in order to work. However, Dr. Binder also stated that "[h]e will need less job coaching if my speculative generalities about the social problems of people with similar injuries prove untrue for him. . . . " Tr 529. As noted by the ALJ, vocational counselors indicated that Plaintiff had excellent social functionality. Tr. 26, 556. Further, Dr. Binder's opinion is from March of 2008, during the period in which the ALJ determined Plaintiff to be rapidly recovering, with Plaintiff still undergoing physical and speech therapy at that time. Tr. 26. These reasons represent specific and legitimate reasons that the ALJ rejected Dr. Binder's assessment.

In sum, the ALJ's rejection of medical source statements was not in error.

B. The ALJ's Determination of Plaintiff's Credibility

Plaintiff claims that the ALJ improperly discredited his own statements about the limiting effects of his condition. This court finds no error.

The ALJ accepted that the symptoms Plaintiff described could

reasonably be expected to result from Plaintiff's medical conditions, but rejected Plaintiff's claims regarding the intensity, persistence, and limiting effects of those symptoms. Tr. 24. An ALJ is free to reject such testimony only for specific, clear, and convincing reasons. Tr. 23; Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996).

Plaintiff testified that he had difficulties performing his job because of depth perception problems. Tr. 24. The ALJ correctly notes that Plaintiff never complained about depth perception until the administrative hearing. Tr. 24 Rather, Plaintiff was described as suffering from double vision - a problem which was completely cured through the use of prism lenses, which Plaintiff stated are no longer even necessary. Tr. 24. The ALJ noted that Plaintiff drives as well, apparently without needing the prism lenses. Tr. 24.

Plaintiff also complained of fatigue. Tr. 43. During the time period that the administrative hearing took place, Plaintiff was working in an accommodated work position building crates, a job which the VE at the administrative hearing described as semi-skilled with medium exertional requirements. Tr. 68. To deal with his fatigue, Plaintiff was given permission to go home and take naps during the day. Tr. 23. While, as recognized by the ALJ, this is not consistent with competitive work, the ALJ could reasonably

11 - OPINION AND ORDER

infer that fatigue issues would not prevent Plaintiff from performing light or sedentary work. Tr. 26. Further, the ALJ validly considered Plaintiff's refusal to consider entry level job leads when working with vocational counselors. Tr. 24. Plaintiff "expressed no interest in security guard or home depot work." Tr. 587. These reasons are sufficiently appropriate and specific justification for the ALJ to reject Plaintiff's testimony.

C. The Appeals Council's Decision

After the ALJ issued her decision, Plaintiff submitted a statement from Dr. Binder for consideration by the Appeals Council. This statement, a letter written on February 27, 2012, proffers Dr. Binder's opinion that Plaintiff is disabled, stating, "I do not see him capable of working full-time in any capacity, unless he receives . . . accommodations that are not consistent with a competitive work environment." Tr. 686. The Appeals Council declined to reconsider without explicit reference to this letter, stating only that the newly submitted information did not "provide a basis for changing the Administrative Law Judge's decision." Tr. 2.

Plaintiff contends that the Appeals Council's rejection of an examining physician's opinion without a specific reason supported by substantial evidence in the record is a legal error. This court disagrees. While an ALJ must provide a specific reason supported by substantial evidence when rejecting an examining physician's

opinion, Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995), this same requirement is not placed on the Appeals Council when asked to review evidence in the record. Rather, the Appeals Council is tasked to "evaluate the entire record including the new and material evidence submitted . . . . It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970.

Even had the Appeals Council erred in some way, such error would not be reviewable by this court. An Appeals Council denial is a non-final agency action not subject to judicial review. Rather, the denial renders the ALJ's decision the final decision of the commissioner. Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1231 (9th Cir. 2011); 20 C.F.R. § 404.981; 42 U.S.C. § 405(g). Rather than reviewing the Appeals Council for error, this court is instead tasked with much the same responsibility as the Appeals Council was: the court must review the entire record, including the evidence submitted, and determine if the ALJ's decision is supported by substantial evidence.

Even considering the evidence represented by Dr. Binder's February 27 letter, this court finds that the ALJ's conclusions are not contrary to the weight of evidence in the record. The ALJ rejected Plaintiff's medical source statements for the specific and legitimate reasons already mentioned. Dr. Binder's February 27

13 - OPINION AND ORDER

letter makes more viable neither Dr. Binder's medical opinion nor Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, the ALJ's finding that Plaintiff was not disabled under the Act is supported by substantial evidence in the record and was not based upon legal error. Accordingly, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 24 day of September, 2013.

_____
Ann Aiken
United States District Court Judge

14 - OPINION AND ORDER